UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELIX ANTONIO GERMOSEN
ROSARIO, A-246-265-429,

         Petitioner,

   v.

WARDEN,

         Respondent.

No.  1:26-cv-2277-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Felix Antonio Germosen Rosario is presently detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court appointed counsel, who filed a first amended petition. (ECF No. 13.) Respondent has answered the first amended petition. (ECF No. 15.) For the following reasons, the undersigned recommends the petition be granted.

    **I.      Background[2]**

Petitioner is a 36-year old citizen of the Dominican Republic who entered the United States on January 3, 2023, presenting himself at the San Luis Port of Entry. (ECF No. 13, ¶ 2.) He was processed by Border Patrol, served a Notice to Appear, and released to pursue his asylum

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

[2] These background facts are taken from the first amended petition. Respondent does not dispute any background facts asserted by plaintiff.

1

claim. (Id.) Petitioner applied for asylum, received work authorization, worked in construction, obtained a Social Security number, took English classes, attended church regularly, and built a life with his partner and her daughter. (Id.) Petitioner has no criminal convictions. (Id.)

On January 1, 2026, petitioner was arrested following a verbal dispute with his girlfriend and was released the same day. (ECF No. 13, ¶¶ 3, 26.) A charge of simple assault resulting from that incident was dismissed. (Id.) Petitioner was detained by ICE the next day and transferred from New Jersey, where his family, community support, witnesses, and immigration attorney are located, to the California City Detention City where he has been detained continuously ever since. (Id., ¶¶ 3, 29.)

Petitioner appeared before an Immigration Judge (IJ), who denied bond on the ground of lack of jurisdiction. (ECF No. 13, ¶ 31.) On April 13, 2026, while detained without a bond hearing and while his retained immigration attorney failed to appear, petitioner was ordered removed. (Id., ¶¶ 3, 32, 33.) Petitioner appealed the order of removal which is not final. (Id.)

Petitioner alleges his detention is governed by 8 U.S.C. 1226 and alleges he is a member of the Bond Eligible Class certified in Maldonado Bautista v. Santacruz, No. 5:25-cv-01873-SSS-BFM (C.D. Cal.) (ECF No. 13, ¶ 4.) He seeks immediate release, or a bond hearing in the alternative. Petitioner brings a claim asserting a violation of the Immigration and Nationality Act (INA) and two claims asserting violations of Fifth Amendment due process. (Id., ¶¶ 40-57.)

**II.     Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III.    Discussion**

Respondent contends petitioner is lawfully detained and subject to mandatory detention pursuant to 8 U.S.C. § 1225(b) pending his removal proceedings. (ECF No. 15 at 2.) However,

2

the undersigned agrees with the numerous courts which have held 8 U.S.C. § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025) (noting numerous district courts have so held); accord Barbosa da Cunha v. Freden, --- F.4th ----, No. 25-3141-PR, 2026 WL 1146044, at *3 (2nd Cir. Apr. 28, 2026) (8 U.S.C. § 1226(a) governed the petitioner's detention where petitioner was arrested within the interior of the United States after living here for more than twenty years); Castañon-Nava v. DHS, 161 F.4th 1048, 1061 (7th Cir. 2025) (generally speaking, "ICE's authority to detain a noncitizen discovered within the country derives from § 1226(a) and not from § 1225(b)"). Title 8 U.S.C. § 1226(a) applies to non-citizens "detained pending a decision on whether the [noncitizen] is to be removed from the United States." Section 1226(a) "is the default detention statute for noncitizens in removal proceedings[.]" Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2).

In this instance, as set forth above, petitioner was previously released from immigration custody in January 2023 and lived lawfully in the community for three years until the incident in January 2026, which resulted in an arrest on the charge of simple assault. As set forth above, that charge was dismissed and did not result in any conviction. Respondent does not assert petitioner has failed to comply with any conditions of release, does not assert petitioner has committed any

3

crimes, and does not proffer any facts suggesting petitioner is a danger to the public or a flight risk. Based on the circumstance of petitioner being previously released from immigration custody into the interior of the United States where he resided for three years before being re-detained without a bond hearing, petitioner has a liberty interest in his continued release regardless of the applicable detention scheme. See Enriquez Escarcega, Petitioner, v. Warden of the Golden State Annex Faciity, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026); Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025) ("The court therefore need not determine whether § 1225 or § 1226 applies in this case because petitioner has a liberty interest in his continued release regardless of the applicable detention scheme.").

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. CONST. AMEND. V. It is firmly established that these protections extend to noncitizens present in the United States. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. U.S., 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even [non-citizens] shall not ... be deprived of life, liberty, or property without due process of law.").

Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Having determined petitioner has a protected liberty interest in his continued release having been released from immigration custody previously, the court determines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. To make that determination, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an

4

erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Considering the first Mathews factor, petitioner has a significant private interest in remaining free from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. Petitioner was released from custody and built a life in the United States for three years prior to being re-detained in January 2026. Petitioner's prior release from custody and time spent living freely creates a powerful interest for him in his continued liberty. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). This factor favors granting the petition.

The second Mathews factor, the risk of erroneous deprivation to petitioner, also weighs in his favor. See A.E. v. Andrews, No. 25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Civil immigration detention is "nonpunitive in purpose and effect" and is justified when a noncitizen presents as a danger to the community or risk of flight. Zadvydas, 533 U.S. at 690; Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, there is no indication that is the case. Petitioner has now been detained for more than five months without being provided a bond hearing before an immigration judge where his dangerousness and/or flight risk were evaluated. Thus, "the probable value of additional procedural safeguards" is high. A.E., 2025 WL 1424382, at *5.

Turning to the third Mathews factor, the government has an interest in the steady enforcement of its immigration laws but the government's interest in re-detaining petitioner without any procedural protections is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094. Custody hearings in immigration court are routine and impose a "minimal" cost on the government. Doe, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." Ortega, 415 F. Supp. 3d at 970.

On balance, the Mathews factors favor petitioner and show due process required that he be provided a bond hearing prior to his re-detention. "[A] pre-deprivation hearing is required to satisfy due process." Guillermo M. R. v. Kaiser, 71 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). Respondents point to no reasons why a pre-deprivation hearing could not be held and provide no evidence warranting petitioner's re-detention without a hearing.

Accordingly, the court should find petitioner's Fifth Amendment due process rights have been violated and order his immediate release from custody. Because the resolution of petitioner's procedural due process claim provides the full relief requested, the court need not reach the remaining claims.

### IV.    Recommendation

For the reasons set forth above, IT IS RECOMMENDED as follows:

1.  The court grant petitioner Felix Antonio Germosen Rosario's (A-246-265-429) application for a writ of habeas corpus under 28 U.S.C. § 2241.

2.  Respondents be ordered to release petitioner immediately under the same conditions he was subject to immediately prior to his re-detention on January 2, 2026.

3.  Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide 7 days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

4.  The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within seven (7) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The

///

///

6

parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: 05/28/26

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 germ2277.mer